IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VICKIE A. COSEY,             :

      Plaintiff,          :

vs.                    :     CA 07-0846-C

MICHAEL J. ASTRUE,     :
Commissioner of Social Security,
                     :
      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. 636(c), for all proceedings in this Court. (Doc. 17 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 18 (order of reference)) Upon consideration of the administrative record, plaintiff's

proposed report and recommendation, the Commissioner's brief, and the parties' arguments at the June 18, 2008 hearing before the Court, it is determined that the Commissioner's decision denying plaintiff benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to lumbar and cervical degenerative disc disease, generalized osteoarthritis, hypertension, morbid obesity, depression, and panic attacks.  The Administrative Law Judge (ALJ) made the following relevant findings:

> **2.     The claimant has the following severe impairments: lumbar and cervical degenerative disc disease; generalized osteoarthritis; hypertension; morbid obesity (20 CFR 416.920(c)).**
>
> .     .     .
>
> **3.     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).**
>
> .     .     .

---

[1]     Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc.  17 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

**4.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of unskilled to simple semi-skilled, sedentary work as defined in Social Security Ruling 83-10.**

Her degenerative disc disease and/or osteoarthritis in combination with obesity preclude her from standing and walking for the majority of an 8-hour workday.

As a result of mental impairments in combination with mild to moderate pain, she experiences moderate limitation of ability to maintain attention and concentration for extended periods; and moderate limitation of ability to understand, remember, and carry out detailed instructions. The undersigned adopted the conclusions of the state agency consultant in determining these limitations (8F).

.      .      .

As for the opinion evidence, the Administrative Law Judge assigned significant evidentiary weight to the findings and opinions of Dr. Ellis with regard to the claimant's physical limitations, and Dr. DeFrancisco with regard to her mental limitations. Their conclusions are consistent with the objective medical evidence of record, and with the claimant's history of conservative medical treatment and no mental health treatment. The undersigned has considered and rejects Dr. Barnes's opinions in Exhibit 13F because the extreme degree of limitation described is inconsistent with the claimant's report of her daily activities, and inconsistent with Dr. Barnes own treatment notes which document only conservative treatment primarily for arthralgias and myalgias, exacerbated by obesity. Specifically, Dr. Barnes's opinion that the claimant can sit for no more than 1 hour total in an 8-hour workday is inconsistent with the claimant's report that she attends church twice on Sundays and does various household chores while sitting (5E at 3; 9E at 5). The undersigned further rejects Dr. DeFrancisco's opinions

3

regarding the degree of functional limitation the claimant experiences as a result of pain and obesity, since these matters are outside the scope of his professional qualification as a psychologist. In summary, the undersigned finds no convincing evidence that any of the claimant's impairments would significantly limit her ability to sit for extended periods, walk occasionally, and perform simple work-related tasks using her hands.

.     .     .

**5.      The claimant is unable to perform any past relevant work (20 CFR 416.965).**

.     .     .

**6.      The claimant was born on July 7, 1960 and was 44 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).**

**7.      The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).**

**8.      Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**

**9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966).**

.     .     .

10.     **The claimant has not been under a disability, as defined in the Social Security Act, since August 16, 2004, the date the application was filed (20 CFR 416.920(g)).**

(Tr. 17, 19, 19-20, 22 & 23 (emphasis in original)) The Appeals Council affirmed the ALJ's decision (Tr. 7-9) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id*. at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform those

sedentary jobs identified by the vocational expert ("VE"), is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, plaintiff contends that the following errors were made: (1) the ALJ erred in rejecting the opinions of the treating physician, Dr. Stanley Barnes; (2) the ALJ erred in finding plaintiff can perform the full range of sedentary work; (3) the ALJ posed an improper hypothetical to the VE; and (4) the ALJ erred in concluding her depression is not a severe impairment. Because the undersigned agrees with the plaintiff that the ALJ erred in finding that she can perform the full range of sedentary work and in finding her depression to be a non-severe impairment, this Court need not consider the other errors raised by Cosey. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

A.    **Full Range of Sedentary Work Activity.**   It is clear that the burden is on the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). This Court has held on numerous occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence or, where available, by the residual functional capacity assessment of a non-examining, reviewing physician;[2] instead, this fifth-step burden must be supported by the residual functional capacity (and pain) assessment of a treating or examining physician. Such an assessment particularly is warranted where, as here, the ALJ has rejected the only RFC assessment in the record completed by an examining physician. (*See* Tr. 237-239) The ALJ specifically rejected the physical RFC form completed by plaintiff's treating physician, Dr. Stanley Barnes, same establishing Cosey's inability to perform any work (*see* Tr. 304 (VE's testimony that based upon Dr. Barnes' assessment, plaintiff would be incapable of performing any work)). Having rejected Dr. Barnes'

---

[2]      The opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). Obviously, therefore, the RFC opinion of a disability specialist (Tr. 215-222), the only other physical RFC assessment of record (i.e., besides the one completed by Dr. Barnes), would be entitled to no weight.

RFC assessment, the ALJ purports to and rely upon the examination findings of Dr. Mark Ellis (Tr. 187-192), to establish that plaintiff can perform the physical requirements of sedentary work. However, Ellis nowhere equates his examination findings to the ability to perform sedentary (or other) work activity. Instead, the ALJ performs this function while at the same time rejecting Dr. Barnes' PCE. This was error and need be corrected on remand.

      **B.**    **<u>Plaintiff's Depression is a Non-severe Impairment</u>.** The Commissioner's severity regulation requires the claimant to make a threshold showing that she has an impairment which significantly limits her physical or mental ability to perform basic work activities.  20 C.F.R. §§ 416.920(c), 416.921(a) (1998); *Bowen v. Yuckert,* 482 U.S. 137, 147 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) ("At the second step, [the claimant] must prove that she has a severe impairment or combination of impairments."), *cert. denied*, 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000). Basic work activities include functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;  understanding, carrying out and remembering simple instructions; use of judgment, responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work

setting.  20 C.F.R. § 416.921(b).  An impairment can be considered not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984); *see Yuckert, supra*, 482 U.S. at 153, 107 S.Ct. at 2297 ("The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education and experience were taken into account").[3]

> Inherent in a finding of a medically not severe impairment or combination of impairments is the conclusion that the individual's ability to engage in SGA [substantial gainful activity] is not seriously affected.  Before this conclusion can be reached, however, an evaluation of the effects of the impairment(s) on the person's ability to do basic work activities must be made.  A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and the informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of the function is inherent in the medical process itself.

---

[3]    It is clear that in *Yuckert,* the Supreme Court did not impose a standard higher than the *de minimis* standard set out in *Brady*.  *See Stratton v. Bowen*, 827 F.2d 1447, 1451 n.7, 1452 n.9, 1452-1453 (11th Cir. 1987).

SSR 85-28.  The claimant's burden at step two of the sequential evaluation process is mild.  *McDaniel v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry.  It allows only claims based on the most trivial impairments to be rejected."). A claimant need only show that "her impairment is not so slight and its effect is not so minimal." *Id*.

The record in this case is replete with evidence establishing that the claimant suffers from depression, an impairment which, not surprisingly, is recognized as a severe impairment. *See, e.g., Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) ("The ALJ held that Hoopai had established a prima facie case of disability. In particular, Hoopai was deemed to have proven at steps one and two that he was not presently engaged in a substantial gainful activity and that medical evidence demonstrated that the combination of his low back pain and **depression** was severe within the meaning of the regulations."); *Griffeth v. Commissioner of Social Security*, 217 Fed.Appx. 425, 426 (6th Cir. 2007) ("An Administrative Law Judge . . . determined that Griffeth's degenerative disc disease and **depression** were 'severe' impairments."). The evidence of record in this case regarding Cosey's depression includes her treating physician's recognition of this problem and treatment of same (Tr. 223–224, 228-232, 234-236, 240-245 & 249), a consultative psychological

10

report in December of 2004 which recognized that her current medications included Soma, Ativan, and Zoloft and that she suffers from an adjustment disorder with probable depressed mood (Tr. 193 & 196), and a psychiatric review technique form completed by a non-examining psychologist, Dr. Donald Hinton, in November of 2004, which recognized that plaintiff's mental impairment is a severe impairment warranting a residual functional capacity (RFC) assessment and noting a moderate degree of limitation with respect to maintaining concentration, persistence and pace (Tr. 197-214).[4] In addition, the same ALJ who found plaintiff's depression non-severe in this his most recent decision on August 10, 2007 (Tr. 17-19 & 23), a year earlier found this impairment to be severe (Tr. 46). Finally, the ALJ's conclusion that plaintiff's depression is a non-severe impairment is at odds with his later determination that "[a]s a result of mental impairments in combination with mild to moderate pain, she experiences moderate limitation of ability to maintain attention and

---

[4]      Section 416.920a(d)(1) of the Commissioner's regulations clearly establishes that a degree of functional limitation of moderate in the functional area of concentration, persistence or pace, necessarily lends itself to a finding that a mental impairment is severe. *See id.* ("If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe[.]"). In this particular case, the non-examining, reviewing psychologist, Dr. Donald E. Hinton, completed a PRTF on November 30, 2004 (Tr. 197-214), following a review of all psychological evidence of record (*see* Tr. 209), and determined plaintiff's depression/anxiety was severe and resulted in moderate limitations with respect to concentration, persistence and pace (Tr. 197 & 207). The ALJ's determination that plaintiff's depression is non-severe is clearly at odds with the non-examining, reviewing physician's PRTF.

11

concentration for extended periods[] and moderate limitation of ability to understand, remember, and carry out detailed instructions." (*Compare* Tr. 17-19 *with* Tr. 20)

In light of the foregoing, this Court is unable to find that the ALJ's determination that plaintiff's depression is non-severe is supported by substantial evidence. Accordingly, on remand, the ALJ should address this issue as well.

## <u>CONCLUSION</u>

It is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g),[5] *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over

---

[5]     Although the plaintiff's application in this case is solely for supplemental security income benefits pursuant to 42 U.S.C. § 1383(c)(3), remand is proper under sentence four of § 405(g) because § 1383(c)(3) provides that "[t]he final decision of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

12

this matter.

      **DONE** and **ORDERED** this the 25th day of June, 2008.

                      s/WILLIAM E. CASSADY

                      **UNITED STATES MAGISTRATE JUDGE**